Robert J. MANARO, Plaintiff-
Appellant,

v.

Max ROSENBERG, Defendant-
Appellee.

No. 11607.

United States Court of Appeals
Seventh Circuit.

March 21, 1956.

Writ of Certiorari Denied
June 4, 1956.

See 76 S.Ct. 1039.

Robert J. Manaro, pro se.

Max Rosenberg, Chicago, Ill., pro se.

Before DUFFY, Chief Judge, and
SWAIM and SCHNACKENBERG, Cir-
cuit Judges.

PER CURIAM.

The plaintiff, Robert J. Manaro, was first arrested on July 21, 1954, in the investigation of a burglary, and thereafter, on July 26, 1954, was formally charged by the defendant, Max Rosenberg, with grand larceny. On this charge plaintiff was tried, convicted and imprisoned for the theft of certain personal property which either belonged to or was in the custody of the defendant Rosenberg, a former employer of the plaintiff.

The plaintiff brought this action in forma pauperis in the District Court against the defendant, alleging that plaintiff was entitled to damages in the sum of $100,000 from the defendant because two police officers on the day plaintiff was first arrested, in violation of his constitutional rights, searched plaintiff's home and his person and illegally procured evidence tending to prove the theft of the property for which plaintiff was arrested, convicted and imprisoned. The plaintiff alleged that the search and seizure and the arrest and imprisonment took place before any warrant authorizing such action had been issued against him.

In his complaint the plaintiff alleged that at the time of his arrest he did not know that there was no search warrant or warrant for his arrest, and that he did not learn this until after his trial. However, the plaintiff flatly contradicts this statement on page 3 of his brief in this court where he states that at the time of the search of his home he asked the police officers if they had a search warrant or a warrant for his arrest and that they told him they did not. On July 26, 1954, after plaintiff's arrest, he was indicted and, on his conviction, was sentenced to one to three years in the Illinois State Penitentiary. After his incarceration in the penitentiary, plaintiff filed a petition for a writ of habeas corpus.

While the papers filed by the plaintiff in this court fall far short of complying with our rules governing appeals we

shall consider them as an appeal. In this appeal the plaintiff admits that after he left the employment of the defendant, the defendant learned that "plaintiff had taken some property that did not belong to plaintiff"; and that "Rosenberg checked and found that there was indeed some property missing." Plaintiff states that Rosenberg then went to the police, told them his story of the theft, and accompanied the two policemen to the plaintiff's home to identify the stolen property. Plaintiff states that the alleged unauthorized search and seizure and arrest were then and there made.

The District Court granted the plaintiff's petition to file his complaint in forma pauperis, and then dismissed the complaint as not presenting "any substantial question worthy of consideration" and as presenting "no cause of action on which relief can be granted." From that judgment this appeal is prosecuted.

It is clear that the defendant Rosenberg, on learning that there had been a theft of the personal property in question by the plaintiff, made at least an informal complaint to the police who then proceeded to investigate. If the allegations of the plaintiff's complaint are true, the police officers did violate the plaintiff's constitutional rights in an illegal search for and seizure of the stolen property and in plaintiff's arrest and subsequent treatment. In the criminal case it was adjudicated that the personal property here in question was stolen by the plaintiff.

But even if plaintiff's constitutional rights were violated by the police officers, as plaintiff alleges, it does not necessarily follow that the defendant who had complained to the police is liable for such damages as were occasioned by the action of the police. The plaintiff does not allege that the defendant had any authority to direct the police officers as to what they should or should not do in making the search of the premises or in their treatment of the plaintiff during the search. Nor does the plaintiff allege that the defendant knew that the officers did not have the necessary warrants. In the absence of knowledge to the contrary, the defendant had a right to assume that the police officers had secured the necessary warrants and were acting within their legal rights. The plaintiff does not allege that the defendant charged him with theft because of malice or without reasonable grounds to believe that the plaintiff was guilty. If a private party is to be made responsible in damages for any possible injury by the police to a person or for a violation of the constitutional rights of a person against whom the private party had given information to the police, there would certainly be few, if any, individuals willing to take the chance of informing as to any theft or any other crime of which they might learn.

It is true that the plaintiff here alleged that the defendant was in plaintiff's home with the police officers at the time of the alleged violation of plaintiff's rights. But the only apparent reason for defendant's presence was to help the police identify the stolen property. As a private citizen the defendant, of course, had no control over the action of the police officers. Nor does the plaintiff even allege such control.

In his brief in this court the plaintiff also argues that if he were given a trial on his complaint he could produce evidence to prove that most of the tools for the theft of which he was convicted actually belonged to him. This contention comes too late. Such evidence should have been presented on plaintiff's trial in the criminal case, and is immaterial to the alleged denial of plaintiff's constitutional rights.

We agree with the District Court that the plaintiff's complaint did not state a cause of action on which relief could be granted. The complaint was therefore properly dismissed.

The judgment of the District Court is

Affirmed.